IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LASONJA BROWN AND NAKESHILIN WARREN, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:17-cv-1313-G-BN |
| DALLAS POLICE DEPARTMENT, ET AL., | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Through their *pro se* amended complaint, Plaintiffs LaSonja Brown and Nakeshilin Warren seek to compel the prosecution of Defendant Christopher Davis. *See, e.g.,* Dkt. No. 9 at 3 (providing no specified cause of action but asserting that the sole relief sought is: "I want a DNA done because [Davis] molested me when I was 14 years old. I want justice.").

This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should grant Plaintiffs' motions for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. Nos. 4 & 10, and dismiss this case with prejudice under 28 U.S.C. § 1915(e)(2)(B).

## Legal Standards and Analysis

Proceeding IFP subjects Plaintiffs' complaint to dismissal without service if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(b)(ii).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam; emphasis added by *Smith*)), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)). That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

Even construing Plaintiffs' complaint liberally, any claim they assert fails based on the relief they seek, because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.*" Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). "This rule applies not only to protect prosecutors, but those who act in a 'prosecutorial capacity,'" such as

police officers. *Lessor v. Dean*, No. 5:09-cv-463-Oc-29GRJ, 2010 WL 668268, at *2 (M.D. Fla. Feb. 19, 2010) (quoting *Smith v. Shook*, 237 F.3d 1322, 1324 (11th Cir. 2001); citing *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (recognizing that "[t]he decision to file or not file criminal charges falls within the category of acts that will not give rise to section 1983 liability")).

More broadly speaking, "[i]nvestigations in possible criminal activities and the prosecution of state or federal criminal offenses fall within the exclusive jurisdiction of the executive branch of the state and federal government." *Bullard v. Johnson Cty. Sheriff's Dep't*, No. 3:06-cv-0110-H, 2006 WL 2017620, at *2 (N.D. Tex. July 19, 2006) (citing *Pierre v. Guidry*, 75 F. App'x 300, 300 (5th Cir. 2003) (per curiam); *Oliver*, 904 F.2d at 281). Therefore, "[t]he failure or refusal of a law enforcement agency to investigate ... an individual [also] does not state a cognizable claim under § 1983." *Ross v. Hutchins Police Dep't*, No. 3:09-cv-168-M, 2009 WL 1514364, *3 (N.D. Tex. May 29, 2009); *see also Smith v. Shreveport Police Dep't*, Civ. A. No. 11-2217-P, 2015 WL 711118, at *3 (W.D. La. Feb. 18, 2015) ("'[F]ailure to investigate' is not a violation of a federal statutory or constitutional right." (citations omitted)).

### Recommendation

The Court should grant Plaintiffs leave to proceed IFP and summarily dismiss the complaint with prejudice for the reasons discussed above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 7, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE